[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2008
THOMAS K. KAHN
CLERK

No. 07-14239
Non-Argument Calendar

_____

D. C. Docket No. 07-00105-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NANCY MONTGOMERY WARE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 11, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Nancy Montgomery Ware appeals her convictions and sentences for two

counts of willfully attempting to evade and defeat an income tax, 26 U.S.C. §

7201, and three counts of willfully failing to file an income tax return, id. § 7203.

Ware challenges jury instructions, the sufficiency of her indictment and the

evidence, her waiver of counsel, and the calculation of her tax liability and

restitution. We affirm.

## I. BACKGROUND

Ware was indicted for attempting to evade and defeat taxes and failing to file

income tax returns. The first count of the indictment charged that Ware owed

taxes of $126,664 in 2000 and willfully attempted to avoid payment by filing a W-

4 form stating that she was exempt from withholding; placing her income in

nominee bank accounts; and failing to file a tax return or pay the income tax. See

26 U.S.C. § 7201. The second count of the indictment charged Ware for the willful

attempt to avoid payment in 2001 of $33,483 of income taxes through the same

actions alleged in count one and by instituting a frivolous lawsuit to stop her

employer from withholding income tax from her paychecks. See id. Counts three,

four, and five of the indictment charged that in 2002, 2003, and 2004, Ware knew

of a duty but willfully failed to file income tax returns. See id. § 7203.

Before trial, Ware informed the magistrate judge that she did not want to be

represented by counsel. The magistrate judge conducted a colloquy under Faretta

2

v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975), in which Ware stated that she "absolutely" wanted to represent herself. The district court appointed standby counsel.

Ware moved to dismiss her indictment. She argued that the indictment "failed to identify the essential facts of law or regulation the government claims as grounds to charge and enforce title 26 U.S.C. section 7201 and 7203." The district court denied the motion.

Ware represented herself at her jury trial and was convicted on all five counts of the indictment. The evidence established that Ware practiced pediatric dentistry with Dr. Harry Bopp in Florida. Ware acquired half of the practice and a forty percent interest in the partnership that owned the building. Ware filed tax returns in 1998 and in 1999. In 2000, Ware informed Dr. Bopp that she no longer wanted federal income, Medicare, and Social Security taxes withheld from her paychecks. When Dr. Bopp refused, Ware gave him written materials about tax avoidance and arranged for him to meet two "tax-escape" advisors. While Ware tried to convince Dr. Bopp, the dental practice extended Ware "loans" equaling her gross earnings.

In September 2000, Ware opened two checking accounts at the Bank of America in the names of two unincorporated associations. A few months later,

Ware gave Dr. Bopp fraudulent tax forms that purported to exempt her from federal withholding requirements. After Dr. Bopp refused to file Ware's fraudulent tax forms, Ware completed a W-4 form certifying that she was "exempt" from withholding. In the meantime, Ware had corresponded with the Internal Revenue Service about her tax liability. The Revenue Service told Ware that "courts [had] consistently ruled against" her arguments for exemption and refused to "respond to future correspondence concerning these issues."

Ware filed a complaint against Dr. Bopp in a Florida court. Ware alleged that the federal income payroll deductions withheld by Dr. Bopp constituted "theft." Dr. Bopp removed the case to a federal court, which dismissed the complaint.

Ware filed another W-4 form in 2001 and claimed that she was "exempt" from federal withholding. In May, the Revenue Service notified the dental practice that Ware was not exempt and instructed the dental practice to withhold taxes from her paycheck. The Revenue Service sent Ware delinquency notices. The notices instructed Ware to either file tax returns for 2000 and 2001 or explain why she was not obligated to file a return for these years. Ware did not respond to the notices.

Ware filed a second complaint in 2002 against Dr. Bopp and repeated her allegations of "theft." Dr. Bopp removed the action to a federal court, which

4

dismissed the complaint. Ware did not file a tax return in 2002.

Ware sued Dr. Bopp a third time in 2003. While the action was pending, Ware returned a paycheck and bonus issued by the dental practice and endorsed a check from the partnership account to herself that equaled her gross earnings. Dr. Bopp removed the action to federal court. The district court described Ware's complaint as "baseless, vexatious, and in bad faith," dismissed the complaint, and enjoined Ware from filing future complaints against Dr. Bopp without approval. Ware did not file a tax return in 2003 or 2004.

In 2007, Ware executed and filed a "Declaration of Domicile." The document stated that Ware was "domiciled" in and a citizen of Florida and disavowed that Ware was a "resident" of Florida, a "U.S. Citizen," a "U.S. person," or a "U.S. subject." Ware later argued that the document exempted her from federal law, including federal income tax.

At trial, special agent James Cortier of the Revenue Service testified that he had analyzed Ware's financial records and estimated that Ware owed an additional $126,664.07 for taxes in 2000 and $33,482.70 for taxes in 2001. Ware argued that federal income taxes were "voluntary" and she was not legally obligated to pay. Ware acknowledged the existence of the tax code on cross-examination, but argued that its provisions were unenforceable because they did not "rise to positive law."

Ware also acknowledged that the Revenue Service and federal courts had advised her that her arguments were frivolous.

Before the district court instructed the jury, Ware objected that the proposed charges erroneously expanded the definition of what constituted income under section 7201, which the court overruled. The district court followed the pattern criminal jury instructions to define "willfully" as "a voluntary and intentional violation of a known legal duty." The court explained that to convict Ware of section 7201 the jury had to find beyond a reasonable doubt that Ware owed substantial income tax and knowingly and willfully attempted to evade or defeat such tax. The court also explained that the evidence did not have to establish the precise amount of tax alleged in the indictment but had to establish that Ware knowingly and willfully attempted to evade or defeat "some substantial portion of such additional tax as charged" by willfully failing to report all of her earned income for the year. Regarding section 7203, the court explained that Ware's conduct was not willful if it was "based upon accident, mistake, inadvertence, or due to a good-faith misunderstanding as to the requirements of the law" or if Ware "believe[d] in good faith that she [was] acting within the law or that her actions compl[ied] with the law."

The presentence investigation report stated that Ware owed the Revenue

6

Service a total of $362,212.24. The report listed Ware's base offense level at 18, United States Sentencing Guidelines § 2T4.1(G) (Nov. 2003), and increased it by two levels because the crime involved a sophisticated means, id. § 2T1.1(b)(2). With a criminal history category of I, the report provided a sentencing range between 33 and 41 months of imprisonment.

At the sentencing hearing, Ware did not object to the factual statements in the presentence report. Ware confirmed that she already had paid the full amount of restitution listed in the report. The district court sentenced Ware to concurrent terms of 33 months of imprisonment followed by supervised release of 3 years for counts 1 and 2 of the indictment, and 12 months of imprisonment followed by supervised release of 1 year on counts 3, 4, and 5 of the indictment.

## II. STANDARDS OF REVIEW

We apply three standards of review in this appeal. We review de novo the sufficiency of an indictment, United States v. Bobo, 344 F.3d 1076, 1082–83 (11th Cir. 2003), but review arguments raised for the first time on appeal for plain error, United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). We review challenges to the sufficiency of the evidence and the jury instructions raised for the first time on appeal for plain error. See United States v. Hunerlach, 197 F.3d 1059, 1068 (11th Cir. 1999); United States v. Hansen, 262 F.3d 1217, 1248 (11th Cir.

7

2001). We review <u>de novo</u> questions of law arising under the Sentencing Guidelines, <u>United States v. Crawford</u>, 407 F.3d 1174, 1178 (11th Cir. 2005), but reverse for plain error where the defendant raises the argument for the first time on appeal, <u>Rodriguez</u>, 398 F.3d at 1298. We will not consider error invited by the complaining party. <u>United States v. Love</u>, 449 F.3d 1154, 1157 (11th Cir. 2006).

### III. DISCUSSION

Ware raises five arguments on appeal. All fail. We address each argument in turn.

*A. Ware's Indictment Was Sufficient.*

Ware raises for the first time on appeal two challenges to the sufficiency of her indictment. First, Ware argues that her indictment failed to allege that she acted with specific intent to commit the five tax crimes. Second, Ware argues that the government should have alleged that the Revenue Service had assessed the taxes that she owed, given her notice, and demanded payment.

Ware's two arguments about the sufficiency of her indictment fail. When the adequacy of an indictment is challenged for the first time on appeal, this Court "'must find the indictment sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted.'" <u>United States v. Adams</u>, 83 F.3d 1371, 1375 (11th Cir. 1996)

8

(quoting United States v. Hooshmand, 931 F.2d 725, 734–35 (11th Cir. 1991)). The indictments sufficiently notified Ware of the mens rea component of her tax crimes because the term "willfully," used in the tax laws, means a "'voluntary, intentional violation of a known legal duty.'" Cheek v. United States, 498 U.S. 192, 201, 111 S. Ct. 604, 610 (1991). An assessment and notice of a tax deficiency are not elements of tax evasion and the government was not required to allege them in Ware's indictment. See 26 U.S.C. § 7201.

The indictments sufficiently alleged Ware's tax crimes. "[F]or an indictment to be valid, it must 'contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what [she] must be prepared to meet.'" Bobo, 334 F.3d at 1083 (quoting Russell v. United States, 369 U.S. 749, 763, 82 S. Ct. 1038, 1047 (1962)). Counts 1 and 2 alleged the elements of tax evasion and Counts 3 through 5 alleged the elements of failing to file a tax return.

*B. We Lack Jurisdiction to Consider Ware's Argument About Waiver of Counsel.*

Ware argues that she did not knowingly and intelligently waive her right to trial counsel, but this argument fails. Ware waived this argument because she failed to object to the order of the magistrate judge that granted Ware's request to represent herself. See Fed. R. Crim. P. 59(a). We lack jurisdiction to review that order. United States v. Brown, 441 F.3d 1330, 1352 (11th Cir. 2006).

9

*C. Sufficient Evidence Supports Ware's Convictions.*

Ware presents two arguments for the first time on appeal that the government presented insufficient evidence to support her convictions. First, Ware argues that the government was required to prove that the Revenue Service made an assessment, showed that a deficiency existed, and gave her notice and demanded payment. Second, Ware argues that the government failed to prove the element of willfulness because it did not establish that Ware was aware that a statute or regulation imposed a duty to file a return.

Ware's arguments fail. The district court did not err by failing to grant <u>sua sponte</u> a judgment of acquittal. When a defendant fails to move for a judgment of acquittal, we will affirm her conviction "unless there is a manifest miscarriage of justice — if the evidence 'on a key element of the offense is so tenuous that a conviction would be shocking.'" <u>United States v. Bischel</u>, 156 F.3d 1148, 1150 (11th Cir. 1998) (quoting <u>United States v. Williams</u>, 144 F.3d 1397, 1402 (11th Cir. 1998)).

The government proved that Ware knew and intentionally avoided her tax obligations. After Ware paid income taxes in 1998 and 1999, Ware intentionally evaded the payment of taxes by providing her employer with fraudulent tax forms; instructing him to stop withholding taxes; depositing her earnings in nominee bank

accounts; conducting surreptitious cash transactions; and failing to file tax returns or pay taxes. Ware received notice from the Revenue Service that she had failed to pay sufficient taxes in 2000 and 2001 and did not file returns in 2002, 2003, and 2004. Ware ignored these obligations despite rulings of a federal court and the Revenue Service that she was subject to and accountable for the taxes. The government was not required to prove that the Revenue Service had assessed the tax owing or demanded payment because the tax code does not require those acts to precede the filing of a tax return or payment of income taxes. See 26 U.S.C. § 6151(a). Special Agent Cortier's testimony established that Ware owed an additional $126,664.07 for federal income taxes in 2000 and $33,482.70 for taxes in 2001, and Ware's testimony denying guilt, which the jury discredited, under our precedents, established her guilt. United States v. Williams, 398 F.3d 1319, 1326 (11th Cir. 2004). Because the government proved that Ware was aware of her duty to file income tax returns and treat her wages as income, it was not required to prove Ware's knowledge that a specific statute or regulation imposed those duties. Cheek, 498 U.S. at 202, 111 S. Ct. at 610 ("[I]f the Government proves actual knowledge of the pertinent legal duty, the prosecution, without more, has satisfied the knowledge component of the willfulness requirement.").

*D. The District Court Did Not Plainly Err in its Jury Instructions.*

Ware raises on appeal two new challenges to the jury instructions. First, Ware argues that the court erroneously combined the affirmative act and willfulness components of section 7201. Second, Ware argues that the jury instruction about willfulness did not convey that Ware's tax offenses were specific intent crimes and did not specify the provisions that required her to file tax returns and pay taxes. These arguments fail.

The district court did not plainly err in its jury instructions. The court correctly followed our pattern jury instructions, which "clearly state the elements of proof required for conviction under [section 7201]" and section 7203. United States v. Dean, 487 F.3d 840, 852 (11th Cir. 2007). The instructions accurately conveyed the law regarding tax evasion and willfulness. See 11th Cir. Pattern Crim. Jury Instr. 93.1, 94; Cheek, 498 U.S. at 202, 111 S. Ct. at 610.

*E. The District Court Did Not Plainly Err At Sentencing.*

Ware presents two challenges to her sentence. First, Ware argues that the district court violated her rights under the Sixth Amendment when it calculated her sentence based on facts not alleged in the indictment or proved to the jury regarding the amount of tax loss to the government. Second, Ware argues that the district court should not have ordered restitution because the Revenue Service is

12

not a "victim." These arguments fail.

The district court did not plainly err by calculating Ware's offense level based on the taxes Ware failed to pay in years 2000 through 2004. See U.S.S.G. § 2T4.1(G). The amounts of the unpaid taxes were listed in the presentence investigation report. Because Ware did not object to them, these facts were admitted as true, and the district court could rely on them as supported by a preponderance of the evidence. See United States v. Sheldon, 400 F.3d 1325, 1329–30 (11th Cir. 2005). The district court viewed the guidelines as advisory and could use the findings to calculate Ware's sentence. See Dean, 487 F.3d at 854.

Ware is barred from challenging the amount of restitution. Ware paid the Revenue Service the full amount of restitution before sentencing. Any error is invited. Love, 449 F.3d at 1157.

## IV. CONCLUSION

Ware's convictions and sentences for tax evasion and failing to file a tax return are **AFFIRMED.**

13