

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2008

# Larry Stuler v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2426

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Larry Stuler v. USA" (2008). *2008 Decisions.* Paper 195.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/195

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-27                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2426
_____

LARRY L. STULER,
                                            Appellant

v.

UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE;
FEDERAL BUREAU OF PRISONS; D. BLYNN, I.R.S. Revenue Officer;
K. EISENBART, I.R.S. Revenue Officer; MARY SOMMA, I.R.S. Custodian of Records;
FRANK REVAK, I.R.S. Tax Auditor; JOHN DOE AGENTS, of the Internal Revenue
Service; COMMISSIONER OF THE INTERNAL REVENUE SERVICE, Each in Their
Official and Individual Capacity; WILLIAM COHAN, Esq.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00642)
District Judge:  Honorable Alan N. Bloch

_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 6, 2008

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed  November 25, 2008 )
_____

OPINION
_____

PER CURIAM

1

Appellant, Larry Stuler, appeals the District Court's order granting defendants' motions to dismiss his complaint pursuant to Fed. R. Civ. P. 12(b)(6). For essentially the reasons set forth by the District Court, we will affirm.

Because the parties are all too familiar with the facts and procedural history underlying this cause of action, we only briefly recount them here. On May 15, 2007, Stuler – who was convicted in July 2001 of three counts of willfully failing to file federal income tax returns and sentenced to two years imprisonment followed by a year of supervised release – initiated an action against the United States, the Internal Revenue Service ("IRS"), the Bureau of Prisons, named employees and/or former employees of these governmental bodies and agencies, and his former criminal defense attorney, William Cohan. Stuler's complaint was amended on two occasions. In his second amended complaint, Stuler asserted the following causes of action: 1) declaratory relief pursuant to the Declaratory Judgment Act; 2) intentional violation of the Internal Revenue Code and/or regulations under 26 U.S.C. § 7433; 3) wrongful levy under 26 U.S.C. § 7426; 4) unjust tax lien pursuant to 26 U.S.C. § 7432 and 28 U.S.C. § 2410; 5) civil rights violations under 42 U.S.C. §§ 1983 and 1985; and 6) an independent action to invalidate his conviction as a result of fraud on the court. In addition to various forms of declaratory and injunctive relief, Stuler sought monetary damages in excess of five million dollars. The named defendants sought to have the second amended complaint dismissed pursuant to, inter alia, Fed. R. Civ. P. 12(b)(6). In an Order entered on April 8, 2008, the District

Court granted the motions and dismissed the complaint in its entirety. This timely appeal followed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291. Our review of a dismissal under Fed. R. Civ. P. 12(b)(6) is de novo. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.2008). In considering a Rule 12(b)(6) motion, a court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002). See also Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1969 n. 8 (2007). "'[S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234, (quoting Twombly, 127 S.Ct. at 1965). Stated differently, the "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." Id.

Having carefully reviewed the record and the parties' submissions, we conclude that the District Court's dismissal under Rule 12(b)(6) was proper even affording Stuler the liberal construction due a pro se litigant under Haines v. Kerner, 404 U.S. 519, 520 (1979). As the defendants argued and as the District Court concluded, the bulk of Stuler's complaint is little more than a thinly veiled attempt to attack his criminal conviction obtained at United States v. Stuler, W.D. Pa. Crim. No. 01-cr-00035, under the

3

guise of a civil action.[1] Any such attack is, however, barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 481-82 (1994). We affirmed Stuler's judgment of conviction on direct appeal, see United States v. Stuler, 39 Fed. Appx. 737 (3d Cir. 2002) and his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 was dismissed by the District Court in May 2006. Moreover, any Bivens claim that even arguably survives the Heck bar is precluded, inter alia, by the two year limitations period.

The remainder of Stuler's claims fare no better. His request for declaratory relief against the IRS is precluded insofar as Congress has preserved the immunity of the United States – which the IRS shares – from declaratory and injunctive relief with respect to all tax controversies except those pertaining to the classification of organizations under the Internal Revenue Code. See 28 U.S.C. § 2201(a); 26 U.S.C. § 7421(a). See also Murphy v. I.R.S., 493 F.3d 170, 174 (D.C. Cir. 2007). With respect to Stuler's allegations regarding violations under 26 U.S.C. §§ 7426, 7432 and 7433, he has, inter alia, failed to allege the exhaustion of administrative remedies and thus deprived the District Court of jurisdiction to consider these claims. See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994). While certain claims are cognizable against the United States under 28 U.S.C. § 2410, the sovereign immunity waived under that section extends "to a suit 'which challenges the validity of a federal tax lien and sale so long as the

---

[1] Of course, Stuler's claim is properly considered as one brought under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)

4

taxpayer refrains from contesting the merits of the underlying tax assessment itself.'" Robinson v. United States, 920 F.2d 1157, 1159 (3d Cir. 1991), quoting Aqua Bar & Lounge, Inc. v. United States, 539 F.2d 935, 939-40 (3d Cir. 1976).  As the District Court correctly noted, Stuler most certainly contests the merits of the underlying tax assessment.

Finally, we can find no fault with the District Court's conclusion that, even assuming that an independent action alleging fraud on the court can be used to circumvent the limitations imposed on collateral attacks of a criminal conviction, the allegations contained in Stuler's complaint (which had been amended twice) fall far short of the particularity requirement needed to state such a claim.  See, e.g., Lum v. Bank of America, 361 F.3d 217, 220 (3d Cir. 2004) ("Federal Rule of Civil Procedure 9(b) requires that the fraud be pled with specificity.").  See also Herring v. United States, 424 F.3d 384, 386-87, 390 (3d Cir. 2005).  We would further note that we denied no fewer than five such motions filed by Stuler on direct appeal following the entry our judgment affirming his criminal conviction.  See United States v. Stuler, C.A. No. 01-3914 (Orders issued on 7/16/03, 11/3/03, 1/12/06, 6/8/06 and 7/13/06).

In his submission to this Court in opposition to appellees' motion for summary action, Stuler asks us to "rule on the constitutionality of the Act of Congress approved on March 3, 1791, that established 'internal duties' based upon a patent within the jurisdiction of Great Britain."  See Response at 9.  Although quite convoluted, Stuler's argument appears to be an attempt to challenge the District Court's jurisdiction over his

5

criminal proceeding. We will decline Stuler's invitation. This Court, in its order disposing of Stuler's second of five motions seeking to recall the mandate in his direct criminal appeal, has previously concluded that the District Court did indeed have jurisdiction over the underlying criminal action. See C.A. No. 01-3914 (Order issued 11/3/03 concluding, in relevant part, that "the District Court had jurisdiction to adjudicate [the three federal offenses under 26 U.S.C. § 7203].""). We will not revisit that issue here.

Accordingly, because the District Court properly dismissed Stuler's complaint and no substantial question is presented by this appeal, we will grant appellees' motion and summarily affirm the order of dismissal. See Third Circuit LAR 27.4 and I.O.P. 10.6.