**ALD-288**                                              **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

_____

No. 10-2211
_____

UNITED STATES OF AMERICA

v.

LARRY L. STULER; WASHINGTON COUNTY;
PENNSYLVANIA DEPARTMENT OF REVENUE

Larry L. Stuler,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00273)
District Judge:  Honorable Alan N. Bloch

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 16, 2010

Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 6, 2010)
_____

OPINION
_____

PER CURIAM

Larry Stuler appeals the judgment of the District Court dismissing his counterclaims,

granting the Government's motion for summary judgment, and denying his motions for summary judgment and for post-judgment relief.

I

The instant action follows a lengthy series of proceedings stemming from Stuler's refusal to pay federal income taxes. In 2001, Stuler was convicted of willfully failing to file federal income tax returns and sentenced to two years' imprisonment followed by a year of supervised release. See United States v. Stuler, W.D. Pa. Crim. No. 01-cr-00035. He appealed and we affirmed. See United States v. Stuler, 39 F. App'x 737 (3d Cir. 2002). Stuler later filed a motion under 28 U.S.C. § 2255, which the District Court dismissed. See Stuler v. United States, W.D. Pa. Civ. No. 05-cv-00084. In 2007, Stuler filed an action in the District Court seeking to challenge the IRS assessment of his tax debt, and liens and levies placed on his personal property; he also sought to collaterally challenge his conviction. See Stuler v. United States, W.D. Pa. Civ. No. 07-cv-00642. The District Court dismissed his complaint, and we affirmed. See Stuler v. United States, 301 F. App'x 104 (3d Cir. 2008).

In February 2008, while Stuler's appeal was pending, the Government filed in the District Court an action seeking a judgment against Stuler for more than $400,000 in back taxes, interest, and penalties, a judgment that the lien held against Stuler's home was valid,

2

and an order foreclosing the tax lien and directing a judicial sale of the property.[1] Stuler raised five counterclaims challenging the validity of the Internal Revenue Code ("IRC") and, by extension, his 2001 conviction. The District Court dismissed his counterclaims under Federal Rule of Civil Procedure 12(b)(1). Stuler filed a notice of appeal, but we dismissed that appeal for lack of jurisdiction. See United States v. Stuler, C.A. No. 09-2061 (order entered Oct. 9, 2009).

In the interim, both parties filed motions for summary judgment. The District Court granted the Government's motion, denied Stuler's motion, and entered judgment in favor of the Government. Stuler then filed a series of post-judgment motions under Federal Rule of Civil Procedure 60(b), as well as requests to stay the district court proceedings under Federal Rule of Civil Procedure 62(b)(4). The District Court denied all of Stuler's post-judgment motions and Stuler filed a timely appeal.[2]

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. Stuler's appeal was listed by the

---

[1] The complaint also named as defendants Washington County, Pennsylvania, and the Pennsylvania Department of Revenue as potential parties in interest. The District Court entered default judgments against those parties. See Dist. Ct. Doc. Nos. 17-18.

[2] We note that, of the six Rule 60(b) motions and seven Rule 62(b)(4) motions the District Court denied, Stuler's notice of appeal expressly challenges the denial of only one pair of those motions, and his filings on appeal do not raise any substantial issues concerning the denial of the other motions. See Dist. Ct. Doc. No. 79. Although we are mindful of our obligation to construe a *pro se* litigant's pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), because Stuler is an experienced litigant, we limit our consideration to those decisions of the District Court that he expressly challenges.

3

Clerk for possible dismissal pursuant to 28 U.S.C. § 1915(e) or possible summary action. Because Stuler is proceeding *in forma pauperis*, we must dismiss the appeal if it "lacks arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also § 1915(e)(2).

Stuler first argues that the District Court erred in dismissing his counterclaims. We review the decision to dismiss claims under Rule 12(b)(1) *de novo*, and must determine whether the allegations, taken as true, allege facts sufficient to invoke the District Court's jurisdiction. See Common Cause of Pennsylvania v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009). In dismissing Stuler's counterclaims,[3] the District Court reasoned that his claims against the Government were barred by the doctrine of sovereign immunity. Federal courts lack jurisdiction over claims against the United States unless Congress *expressly and unequivocally* waives the United States' immunity to suit. See United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000). A litigant may not rely on the general federal question jurisdiction of 28 U.S.C. § 1331, as Stuler did. See Clinton Cnty. Comm'rs v. EPA, 116 F.3d 1018, 1021 (3d Cir. 1997) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). Nor does the mere fact that a litigant raises a constitutional challenge waive sovereign immunity. See United States v. Testan, 424 U.S. 392, 400-02 (1976). As the District Court

---

[3] Stuler raised five counterclaims alleging that the government had committed a fraud in perpetuating the federal income tax system and, consequently, had fraudulently imprisoned him, extorted money from him, placed liens on his property, and informed Pennsylvania and the City of Washington that he had taxable income. He also alleged that the Internal Revenue Code is unconstitutional.

4

noted, Congress has expressly invoked sovereign immunity with respect to virtually all tax assessment challenges and demands for declaratory and injunctive relief under the IRC, except in narrow situations inapplicable to Stuler's case. See 26 U.S.C. § 7421(a); 28 U.S.C. § 2201. Because sovereign immunity barred Stuler's claims, dismissal was appropriate.[4]

Next, Stuler challenges the District Court's entry of judgment in favor of the Government. When reviewing the grant or denial of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the non-moving party. See Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). We apply the same standard that governs in district court proceedings, under which "a party is entitled to summary judgment only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

We agree that the Government was entitled to summary judgment. The IRC permits the United States to institute an action for the judicial sale of a delinquent taxpayer's property to satisfy tax debts. See 26 U.S.C. § 7403(a). Because the IRS's determination that a tax is owed is presumed correct, the United States can establish a *prima facie* case of the tax liability charged by introducing into evidence certified copies of the certificates of tax

---

[4] The District Court also noted that Stuler did not seek leave to amend his counterclaims, and concluded that affording him the opportunity to do so would be futile. We agree. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

assessment.  See United States v. Sarubin, 507 F.3d 811, 816 (4th Cir. 2007).  Once a *prima facie* case has been made, the taxpayer bears the burden of proving that the assessment is incorrect.  See Francisco v. United States, 267 F.3d 303, 319 (3d Cir. 2001).  Here, the District Court correctly reasoned that the Government met its burden of demonstrating a *prima facie* case, and that Stuler failed to introduce any evidence that the assessments against him were incorrect.

The District Court also correctly denied Stuler's motion for summary judgment. Stuler argued that the United States lacked jurisdiction over him because he fulfilled the requirements of revocation pursuant to 26 U.S.C. § 936(e)(2)(B).  As the District Court explained, section 936, entitled "Puerto Rico and possession tax credit," allows domestic corporations to receive tax credits for conducting business in American possessions, such as Puerto Rico.  That provision has nothing to do with Stuler's case.

In an equally meritless attempt to avoid liability, Stuler claimed that the federal government "has no authority over sovereign Americans," and supported this assertion with typical "tax protestor" arguments:  the United States is a private corporation; the United States has been acting under bankruptcy; Stuler is not a citizen of the United States subject to income tax; and others.  We agree with the District Court that these arguments amount to no more than variations on tax-protest arguments, which have uniformly been rejected by this and other federal courts.  See, e.g., United States v. Connor, 898 F.2d 942, 943-44 (3d Cir. 1990) (concluding that an income tax on wages is constitutional, and any argument to the

6

contrary is frivolous).

Finally, Stuler challenges the District Court's denial of his Rule 60(b)(3) motion and accompanying motion to stay the proceedings. Rule 60(b)(3) permits a district court to vacate its judgment in a case if the non-moving party committed fraud, misrepresentation, or other misconduct. In support of his motion, Stuler argued – somewhat incoherently – that the Government has perpetuated a fraud, through manipulation of Social Security, to dupe Americans into submitting to the IRC. The District Court summarily denied the motion as frivolous, and denied the stay motion as moot. Because Stuler's arguments were frivolous, the District Court acted appropriately. See Connor, 898 F.2d at 943-44.

Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2). Stuler's motion to allow his appeal to proceed to briefing is denied.