NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4503
_____

UNITED STATES OF AMERICA

v.

EDWARD SICELOFF

EDWARD GEORGE SICELOFF,
Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00313-001)
District Judge: Honorable Gustave Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2011

Before:  RENDELL and AMBRO,  Circuit Judges
and JONES, II,* District Judge.

(Opinion Filed: November 15, 2011)
_____

OPINION OF THE COURT
_____

_____

* The Honorable C. Darnell Jones, II, District Judge for the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

Defendant Edward Siceloff ("Siceloff") appeals, pro se, his conviction for failing

to file a tax return in violation of 26 U.S.C. § 7203.

We read his brief to present the following arguments: (1) the United States lacks

authority to enforce its tax laws against residents of a sovereign state; (2) the District

Court erred by denying his request to inspect the grand jury array; (3) the prosecution

should not have proceeded before his taxes had been assessed; and (4) the prosecution did

not introduce sufficient evidence to establish that his failure to file was "willful."

Each argument, however, is without merit and we will therefore affirm the

judgment of the District Court.

I.

We write principally for the benefit of the parties and recite only the essential facts

and procedural history.

Prior to 2002, Siceloff worked various jobs and timely filed income tax returns

reporting the income he derived therefrom. Siceloff subsequently decided to create an

online business, incorporated under the name World Health Alternatives ("WHA").

While still in its infancy, Siceloff merged WHA with another company in return for

several hundred thousand shares of stock. In 2004, Siceloff earned $763,926.66 by

selling most of the shares, but did not file a tax return reporting his income.

The IRS corresponded with Siceloff on several occasions regarding his failure to

file a tax return. It sent Siceloff letters informing him of his obligation to file and asked

to discuss with him his failure to honor that obligation. Siceloff remained steadfast in his

refusal to file and expressed worry to a friend – who earlier advised him to save some of the proceeds for taxes – that he could no longer afford to pay the taxes sought by the IRS. The IRS eventually sent two agents to Siceloff's home, for them only to be rebuffed yet again by Siceloff.

In 2009, a grand jury returned an indictment against Siceloff for failing to file his 2004 tax return. The petit jury found Siceloff guilty. The District Court sentenced him to one year in prison and one year of supervised release, and also ordered him to pay restitution.

The instant appeal followed.

## II.

The first two arguments Siceloff raises on appeal are reiterations of challenges rejected by the District Court before trial. We agree with the District Court's conclusion that they lack merit and will therefore affirm its rulings.

We read Siceloff's brief to essentially challenge his amenability to prosecution in a federal district court for violating the laws of the United States. That the federal government has power to prosecute violations of its tax laws and the district court has authority to adjudicate such prosecutions, however, is beyond dispute.

To start, Siceloff is clearly obligated to pay taxes as a citizen of the United States. *See* 26 C.F.R. § 1.1.-1(b) ("[A]ll citizens of the United States, wherever resident, . . . are liable to the income taxes imposed by the Code . . . ."). Arising from that obligation is the related duty to timely file a tax return, to which Siceloff was similarly subject. *See United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986) ("[S]ection [7203] imposes an

3

obligation to file a return on 'any person' required to pay taxes."). Siceloff's failure to honor that obligation, in violation of 26 U.S.C. § 7203, was undeniably an "offense[] against the laws of the United States" that the Department of Justice had authority to prosecute, *see* 28 U.S.C. § 516, and over which the District Court retained original jurisdiction, *see* 18 U.S.C. § 3231. The validity of Siceloff's prosecution is therefore incontrovertible.

Siceloff's arguments to the contrary "amount to no more than variations on tax-protest arguments, which have been uniformly rejected by this and other federal courts." *United States v. Stuler*, 396 Fed. App'x 798, 801 (3d Cir. 2010), *cert. denied*, 131 S. Ct. 1837 (2011). They are based upon the patently false premise that residents of Pennsylvania are not "persons" subject to the Internal Revenue Code because the federal government may only enforce its laws in the District of Columbia and territories or possessions of the United States. *See United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting similar claims as "completely without merit . . . without expending any more of th[e] Court's resources on their discussion"). Accordingly, Siceloff's "jurisdictional" challenge must fail.

We similarly reject Siceloff's claim that the District Court erred by denying his request to inspect the list of grand jurors. Because Siceloff failed to file his motion within the time allotted for pretrial motions, the District Court did not abuse its discretion by denying his request. *See Guam v. Palomo*, 511 F.2d 255, 257 (9th Cir. 1975) ("[T]he motion [to inspect] here was clearly untimely under the procedures used in trial courts for the processing and trial of cases. The decision in such a situation rests in the sound

4

discretion of the court."). At any rate, 28 U.S.C. § 1867(f) "grants access [to jury lists] in order to aid parties in the 'preparation' of motions *challenging jury-selection procedures*." *Test v. United States*, 420 U.S. 28, 30 (1975) (emphasis added). Siceloff, though, only made his request to uncover what information prospective jurors were given about his baseless tax-protest theory that federal districts are only "comprised of federal territory not incorporated into a state of the Union." Therefore, the District Court properly denied his request.

Finding the District Court to have committed no error, we will affirm its denial of Siceloff's pretrial motions challenging jurisdiction and requesting to inspect the grand jury array.

III.

Siceloff presents two other arguments on appeal that, though not put to the District Court via pretrial motion, formed the basis of his strategy at trial. Like the jury, we do not find them compelling.

We read Siceloff's brief to argue that, to be found guilty of failing to file a tax return, the IRS must have first assessed the amount of taxes he owed. Simply put, "[t]he government was not required to prove that the Revenue Service had assessed the tax owing or demanded payment because the tax code does not require those acts to precede the filing of a tax return or payment of income taxes." *United States v. Ware*, 292 Fed. App'x 845, 850 (11th Cir. 2008).[1] Indeed, the Internal Revenue Code explicitly states

---

[1] Courts of appeals that have considered the issue in similar contexts unanimously agree that a tax assessment is not a prerequisite to liability. *See In Re Goldston*, 104 F.3d 1198,

5

that individuals must pay the taxes shown on their returns, "*without assessment* or notice and demand from the Secretary, at the time . . . for filing the return."  26 U.S.C. § 6151(a) (emphasis added).  If the offense of neglecting to pay taxes accrues irrespective of any assessment, we fail to see how liability for failing to file the return on which those taxes are based must be preceded by one.  Accordingly, we reject Siceloff's claim to the contrary.

Siceloff also argues that the jury did not have before it sufficient evidence from which to find his failure to file a tax return "willful," as required by 26 U.S.C. § 7203.  In making a sufficiency-of-the-evidence challenge, Siceloff bears the "very heavy burden" of showing that, "viewing the evidence in the light most favorable to the [g]overnment, no rational trier of fact could have found him guilty beyond a reasonable doubt."  *United States v. Johnson*, 302 F.3d 139, 149 (3d Cir. 2002) (internal quotation marks omitted).  The record, though, convincingly demonstrates that the government introduced evidence of Siceloff's willfulness sufficient to sustain his conviction.

A rational jury could have found that the prosecution proved each element of a willful violation of the tax code: "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty."  *Cheek v. United States*, 498 U.S. 192, 201 (1991).  First, proof that Siceloff earned income exceeding $800,000 in 2004 conclusively established his obligation to file a tax return.  Second, evidence that Siceloff filed tax returns for more than ten years prior to

1200 (10th Cir. 1997) ("Abundant precedent exists for the proposition in a variety of tax contexts that liability for federal taxes does not hinge on whether the IRS has made a valid assessment.").

6

2002 supported the jury finding that Siceloff knew of his duty to file a tax return. Third, evidence that Siceloff repeatedly disregarded IRS notifications advising him of his obligation to file evidenced the voluntariness and intentionality of Siceloff's choice. This and other evidence, if credited by the jury, could lead it to conclude that Siceloff willfully failed to file and we will not disturb that conclusion.

IV.

For the foregoing reasons, we will affirm Siceloff's conviction and sentence.