TEST *v.* UNITED STATES

No. 73–5993.  Argued December 11, 1974—
Decided January 27, 1975

*Walter L. Gerash* argued the cause for petitioner. With him on the brief was *Louis M. Fischer.*

*William L. Patton* argued the cause for the United States.  With him on the brief were *Solicitor General Bork, Assistant Attorney General Pottinger,* and *Deputy Solicitor General Wallace.*\*

PER CURIAM.

Petitioner was convicted under 21 U. S. C. § 841 (a) (1) for distribution of a hallucinogenic drug commonly known as LSD.  Prior to trial he filed a motion to dismiss his

---

\**Sanford Jay Rosen* filed a brief for the Mexican American Legal Defense and Educational Fund as *amicus curiae.*

indictment claiming that the master lists[1] from which his grand jury had been, and petit jury would be, selected systematically excluded disproportionate numbers of people with Spanish surnames, students, and blacks. These exclusions, petitioner alleged, violated both his Sixth Amendment right to an impartial jury and the provisions of the Jury Selection and Service Act of 1968, 28 U. S. C. § 1861 *et seq.* Attached to this motion was an affidavit by petitioner's counsel stating facts that had been disclosed by testimony at a jury challenge in another case, and which petitioner claimed supported his challenge. Also accompanying the motion was another motion requesting permission to inspect and copy the jury lists "pertaining to the grand and petit juries in the instant indictment." Petitioner asserted that inspection was necessary for discovering evidence to buttress his claims.

The District Court rejected the jury challenge and denied the motion to inspect the lists. Petitioner renewed his claims before the Court of Appeals for the Tenth Circuit, but that court affirmed his conviction without discussing these issues. We granted certiorari to decide whether the Jury Selection and Service Act required that petitioner be permitted to inspect the jury lists. 417 U. S. 967.

In its brief and oral argument before this Court, the United States has agreed that petitioner was erroneously denied access to the lists and urges us to remand the case. We also agree with petitioner.[2] Section 1867 (f) of the Act, in relevant part, provides:

> "The contents of records or papers used by the jury commission or clerk in connection with the jury

---

[1] These lists were based on Colorado voter-registration records.

[2] Petitioner further argues that the affidavit accompanying his motion to inspect established a prima facie case of jury exclusion

> selection process shall not be disclosed, except . . .
> as may be necessary in the preparation or presen-
> tation of a motion [challenging compliance with
> selection procedures] under . . . this section . . . .
> *The parties in a case shall be allowed to inspect,*
> *reproduce, and copy such records or papers at all*
> *reasonable times during the preparation and pend-*
> *ency of such a motion. . . ."* (Emphasis supplied.)

This provision makes clear that a litigant [3] has essentially an *unqualified* right to inspect jury lists.[4] It grants access in order to aid parties in the "preparation" of motions challenging jury-selection procedures. Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring "grand and petit juries selected at random from a fair cross section of the community." 28 U. S. C. § 1861.

Since petitioner was denied an opportunity to inspect the jury lists, we vacate the judgment of the Court of Appeals and remand the case to that court with instruc-tions to remand to the District Court so that petitioner may attempt to support his challenge to the jury-selection procedures. We express no views on the merits of that challenge.

*It is so ordered.*

---

thereby entitling him to inspection under 28 U. S. C. § 1867 (d). Since we conclude that petitioner had an unqualified right to inspec-tion under § 1867 (f) we do not decide whether his counsel's affi-davit was sufficient to establish a prima facie case.

[3] The statute grants the rights to challenge selection procedures and inspect lists to the United States and the defendant in a criminal case, and to any party in a civil case.

[4] The statute does limit inspection to "reasonable times." No issue of timeliness has been raised in this Court.