Joseph J aspan, J.
The defendant, a 27-year-old white male, challenges the Grand Jury and petit jury panels (CPL 270.10) upon the ground that the selection process does not reach the unenrolled resident who does not have a phone listed in his name.
The testimony of the Chief Deputy Commissioner of Jurors supports a finding that jurors are selected by use of the registration rolls of the board of elections, a set of telephone books listed against streets (identified as "Cales”), census rolls and assessors’ rolls supplemented by some small number of volunteers. I find further that a deliberate effort is made to reach 18-year-old citizens through solicitation of their high schools.
The selection process is claimed to be defective because some people slip through this dragnet and the system has not *671 been improved or perfected to the point that all available persons are reached.
It is pointed out that of 831,800 eligible voters in Suffolk County, only 555,536 are enrolled so that some 275,000 are not on the enrollment list. Of these, it is urged, some do not have listed phones and therefore have not been reached by a check of the telephone books.
However, no evidence has been provided as to the number in this special category nor the number which are nevertheless called by the use of the supplemental lists provided above.
The defendant testified that he has not been an enrolled voter and does not have a phone listed in his name. He therefore alleges that he is in that special class which is largely outside the jury selection process.
It is undoubtedly true that some number of residents are not reached by the Commissioner of Jurors and that some of those might be called by a more exhaustive search system which might include Motor Vehicle registrations and Long Island Lighting Company statistics.
But no claim has been made and there is no evidence that a distinctive group has been systematically excluded from the jury selection process. Nor are there facts presented from which it might be inferred that there is a discriminatory and systematic exclusion. Nor was there any showing that the alleged exclusion caused the jury panels to fail to be reasonably representative of the community (see Taylor v Louisiana 419 US 522, 528-530).
In United States v Test (550 F2d 557), the court on remand from the Supreme Court (420 US 28) rejected statutory and constitutional challenges based upon evidence that the selection was made only from voter registration lists in the absence of evidence of a discriminating and systematic exclusion of a distinctive group resulting in a panel which is not reasonably representative of one community.
While perfection should be the goal of any judicial system, it is not the standard by which we measure the constitutionality of individual acts.
I find that the defendant’s right to a trial by his peers has not been violated by the selection process employed in Suffolk County.
The challenge to the jury panels is rejected and the motion *672 to dismiss the indictments is denied (see People v Parks 41 NY2d 36).