**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ellen Lou FOUNDAS, Defendant-Appellant.**

No. 79–5054.

United States Court of Appeals, Fifth Circuit.

April 25, 1980.

---

1. As one did in *King v. Cancienne*, 316 So.2d 366 (La.1975), holding a putative spouse entitled to recover.

William P. Cagney, III, Miami, Fla., for defendant-appellant.

Linda Collins-Hertz, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

Before JONES, BROWN and RUBIN,
Circuit Judges.

PER CURIAM:

In response to the defendant's Petition for Rehearing, we amend our opinion that appears at 610 F.2d 298, 5th Cir. by withdrawing the second full paragraph on page 302 and substituting the following:

The Miami Division Master Jury Wheel is filled from Dade County and Collier County voter lists. The district court had in its possession four reels of magnetic tape containing the Dade County list and a computer printout of the Collier County list. The defendant sought to challenge juror selection procedures. She was granted the right to inspect all relevant jury documents. She then sought temporary custody of the voter registration lists of Dade and Collier Counties and an order directing the clerk of

court to supply to defendant the list of names comprising the Miami Division Master Jury Wheel.[3]

[3] The motion was captioned "Motion Granting Defendant Temporary Custody of Voter Registration Lists and Directing Clerk of Court to Supply Defendant Master Jury Wheel." However, the text of the motion makes clear that defendant requested only the names that comprise the Wheel and not magnetic computer tapes.

The defendant asserts that the denial of this motion was improper. *See Government of the Canal Zone v. Davis,* 592 F.2d 887 (5th Cir. 1979). Under the circumstances of this case, however, *Test v. United States,* 420 U.S. 28, 95 S.Ct. 749, 42 L.Ed.2d 786 (1975) did not require the district court to surrender temporary custody of jury documents pertaining to a challenge to jury procedures.

■ The Collier County voter list was available for inspection pursuant to the order previously issued by the magistrate. The defendant, however, sought temporary custody of that list. She did not explain the need for temporary custody or whether she had been denied the opportunity to inspect and copy the list at the clerk's office. Absent a demonstration of a need for custody of the list, *Test* did not require the list to be surrendered to Ms. Foundas' counsel.

■ Defendant also sought temporary custody of the magnetic tapes containing the Dade County voter list. Those tapes were originals and no copy of them had been made. Although the court would no longer use them for jury selection, they may have been necessary as evidence or to provide the information contained in them to other defendants seeking to challenge jury selection procedures. Foundas presented no evidence that she had sought a printout of the information contained on the tapes from the court, or that she had made any other formal request for that information other than through the motion for temporary custody of the tapes. Under those circumstances, temporary custody was properly denied.

■ Finally, defendant requested an order directing the clerk of court to supply Foundas with the list of names that comprise the Miami Division Master Jury Wheel. The court denied that request because the information was available from the General Services Administration's Atlanta office. Defendant submits that she could not get the information from GSA. However, the record does not reveal that any attempt was made to do so, as suggested by the magistrate. Defendant's assertions that the clerk of court told her attorney that a court order was necessary to obtain the information from GSA are not supported even by an affidavit. *Cf. Government of the Canal Zone v. Davis,* 592 F.2d 887, 889 n.3 (5th Cir. 1979) (defendant's counsel filed affidavit that court order was necessary to gain access to certain records; error to deny motion for access). Given the previous order allowing defendant access to relevant jury documents, the court's refusal to direct the clerk of court to obtain and supply defendant with information that it believed to be available to defendant was not error. The defendant had an obligation to attempt to obtain the information in the manner suggested by the court, or to provide evidence that the information was not thus available.

In all other respects the Petition for Rehearing is DENIED.

No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.