**UNITED STATES of America, Plaintiff,**

v.

**Laurence John LAYTON, Defendant.**

**No. CR–80–0416 RFP.**

United States District Court,
N.D. California.

Jan. 14, 1986.

Joseph Russoniello, U.S. Atty., D. Michael Nerney & Sanford Svetcov, Asst. U.S. Attys., San Francisco, Cal., for plaintiff.

James F. Hewitt, Federal Public Defender, Tony Tamburello, San Francisco, Cal., for defendant.

ORDER

PECKHAM, Chief Judge.

INTRODUCTION

Defendant brings this motion for an order directing the clerk of the court to release to defendant: (1) the hardship responses returned by jurors for all cases that have used such a questionnaire; (2)

the initial juror qualification questionnaire completed by those jurors who later also filled out a hardship questionnaire; and (3) the number of questionnaires mailed out and the number of hardship excuses granted in each case. Defendant asks for this information in order to challenge the use of hardship questionnaries to prescreen potential jurors for lengthy trials.

■ This court denies defendant's motion, because the Jury Selection Act, 28 U.S.C. § 1861 *et seq.*, does not allow defendants to challenge, in the abstract, minor innovations in jury selection procedures. Once defendant's jury panel has been selected, defendant will have access to similar information relevant to its selection should he wish to challenge its composition.

## STATEMENT OF FACTS

On October 16, 1985, counsel in this case were before this court for a preliminary pretrial conference. One purpose of that conference was to determine what jury selection procedures would be used in light of the expected length of the trial and anticipated level of public interest. The court determined that a prescreening questionnaire will be sent to prospective jurors, allowing each to state in writing, and under oath, any reason why his or her service as a juror in a lengthy trial would cause undue hardship. After a review of responses to the questionnaire, the court will excuse those prospective jurors whose responses are sufficient to show undue hardship. Counsel for either side may object to particular excusals on the ground that the showing of undue hardship is insufficient. Jurors who are excused because of undue hardship will not be required to come to court to restate their reasons for asking to be excused.

When the court approved this prescreening plan, counsel for defendant objected on the ground that such a procedure might exclude a discernible class of prospective jurors. The court explained, at that time, that the only difference between the use of a prescreening device and excusal based on in-court voir dire was that the prospective juror would be spared the inconvenience of coming to court. When defense counsel suggested that a juror might be more likely to manufacture a showing of hardship outside the presence of the court, the court reminded counsel that questionnaire responses would be subject to a penalty for perjury. The court thereafter indicated that it would proceed as planned, absent a showing of prejudice, and noted that such prejudice could be avoided through counsel's ability to object to the excusal of any particular juror whose showing of hardship was thought to be insufficient.

Defendant now brings this motion, asking for the release of juror selection records for all cases that have used a prescreening device. He asserts that this information will provide the necessary facts to show that a prescreening questionnaire prevents the defendant from obtaining a jury that represents a fair cross section of the community.

## DISCUSSION

■ The Jury Selection Act ("Act"), 28 U.S.C. § 1861 *et seq.*, states: "It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." *Id.* § 1861.

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of [the Act] in selecting the grand or petit jury.

*Id.* § 1867(a). Defendant seeks to inspect juror hardship questionnaires from other cases, so that he may challenge the use of a prescreening hardship questionnaire, rather than in-court voir dire, to excuse

jurors who are unable to commit to a lengthy trial due to undue hardship.

Upon motion filed under 28 U.S.C. § 1867(a), the moving party shall be entitled to present in support of such motion "any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence." *Id.* § 1867(d). The contents of records or papers used by the jury commissioner or clerk in connection with the jury selection process shall not be disclosed, except as may be necessary in the preparation or presentation of such a motion. *Id.* § 1867(f). A litigant has an unqualified right to inspection of relevant materials used in jury selection, during the preparation and pendency of a motion challenging the selection procedures. *Test v. United States,* 420 U.S. 28, 30, 95 S.Ct. 749, 750, 42 L.Ed.2d 786 (1975); *United States v. Layton,* 519 F.Supp. 946, 958–59 (N.D.Cal.1981). Nevertheless, this is the first time the court has been faced with this type of request.

Defendant does not challenge the court's discretion to excuse prospective jurors based on undue hardship. This discretion is provided for in the Act. *See* 28 U.S.C. § 1866(c)(1). He merely seeks to show that the use of a prescreening device will exclude a discernible class of jurors that would not be excused based on in-court voir dire. Thus, defendant seeks to challenge the procedure in the abstract, not based on an effect it has had on his particular jury panel. The defendant would not have standing to complain about the excusal of jurors in other cases. *See Layton,* 519 F.Supp. at 956; *accord, United States v. Bearden,* 659 F.2d 590, 601 (11th Cir.1981), *cert. denied,* 456 U.S. 936, 102 S.Ct. 1993, 72 L.Ed.2d 456 (1982). Therefore, it is inappropriate to allow him to challenge a procedure unless it has been used to select his jurors and has, at least potentially, resulted in prejudice to the defendant. This court finds nothing in the Jury Selection Act that suggests that a criminal defendant may challenge minor aspects of proposed jury selection procedures in the ab-

stract, before such procedures are used to select that defendant's grand or petit jury.

Moreover, since the excusal of jurors based on undue hardship is discretionary, the types and numbers of potential jurors excused by other judges in other cases will not have an impact on this court's ability to substantially comply with the requirement of a fairly representative jury. Counsel will have an opportunity to review and challenge any excusal that appears to have been granted without a sufficient showing of undue hardship. Therefore, counsel can prevent the excusal of a discernible class; and, if not satisfied, can challenge the jury panel once it has been selected.

### CONCLUSION

This court denies the defendant's motion, without prejudice to the defendant's right to seek similar information relevant to the selection of his jury panel, once it has been selected.

IT IS SO ORDERED.