FILED
United States Court of Appeals
Tenth Circuit

March 3, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY LAYMONE SANDERS,

Defendant-Appellant.

No. 09-7102

(D.C. No. 6:01-CR-00015-FHS-1)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

Defendant Bobby Laymone Sanders appeals the district court's denial of his

motion to inspect petit and grand jury records.  Sanders contends, in part, that no

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

grand jury was actually convened and, therefore, his conviction was procured through fraud. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## I.

On March 14, 2001, Sanders was indicted by a federal grand jury in the Eastern District of Oklahoma on five firearms-related offenses. On April 30, 2001, a petit jury was selected, but not sworn, and Sanders' trial was continued to May 14, 2001. However, on the morning of May 14, 2001, before Sanders' trial began, he reached an agreement with the government pursuant to Fed. R. Crim. P. 11(c)(1)(C) and pleaded guilty to three of the indictment's charges. On August 15, 2001, Sanders was sentenced to concurrent 180-month terms of imprisonment on the first two charges and to a consecutive 120-month term of imprisonment on the third charge. Sanders was also sentenced to concurrent 36-month terms of supervised release on each of the three charges.

More than eight years later, on September 11, 2009, Sanders filed a motion in the district court which was captioned as a "Petition/Demand For Information, Inspection/Reproduction of All Criminal Petit and Grand Jury Room Records, and Papers Compiled/Maintained by Jury Commission or Clerk." See ROA, Vol. 1 at 37-38. The district court construed the motion as a challenge to Sanders' grand jury indictment brought pursuant to the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861, et seq. ("Jury Act"), and denied it as untimely under § 1867(a)

2

and/or for the failure to include a "sworn statement of facts which, if true, would constitute a substantial failure" of compliance with the Jury Act as necessary under § 1867(d). See id. at 48-50. Sanders then filed this timely appeal.

## II.

We review the district court's denial of a motion filed pursuant to § 1867 de novo. See United States v. Bailey, 76 F.3d 320, 321 (10th Cir. 1996), cert. denied, 517 U.S. 1239 (1996) (reviewing a motion brought pursuant to § 1867(d)). Because Sanders appears pro se, we construe his filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Pursuant to § 1867(f), litigants have "essentially an unqualified right to inspect jury lists . . . [i]n order to aid . . . in the preparation of motions challenging jury-selection procedures." See Test v. United States, 420 U.S. 28, 30 (1975) (quotation omitted). However, pursuant to § 1867(a), if a criminal defendant wishes to file a motion to dismiss on Jury Act grounds, he or she must do so "before the voir dire examination begins, or within seven days after [he or she] discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." Thus, the district court correctly concluded that Sanders has waived any challenge to his indictment based on the Jury Act.[1] See United States v. Grismore, 546 F.2d 844, 848 (10th Cir. 1976)

---

[1] We also note that any direct challenge Sanders may have to his indictment
(continued...)

3

(noting that in light of the fact that the defendant made no objection to the jury array before voir dire, "he accepted the jury and thus waived his right to object" under the Jury Act).

We note, however, that Sanders appears to contemplate not only a statutory challenge to his grand jury indictment, but also a potential constitutional challenge as well.  Though the time limits of § 1867 may not affect Sanders' ability to bring a constitutional claim, see United States v. Green, 435 F.3d 1265, 1269-70 (10th Cir. 2006), cert. denied, 547 U.S. 1122 (2006) (noting that "[w]hether [the] failure to comply with the time limits under the [Jury] Act bars [a] Sixth Amendment challenge presents a difficult issue"), we need not reach this issue because at this point, Sanders may mount a constitutional challenge to his conviction only by filing a 28 U.S.C. § 2255 habeas corpus petition, which he is time barred from doing,[2] see  28 U.S.C. § 2255(f) (establishing, with certain inapplicable exceptions, a one-year limitation period for filing a § 2255 petition).

---

[1](...continued)
would be barred by Fed. R. Crim. P. 12(b)(3)(B), which requires that "a motion alleging a defect in the indictment" be filed before trial.

[2] We note that Sanders filed a timely § 2255 habeas petition which the district court denied in 2003.  See Sanders v. United States, No. 02-cv-00430 (E.D. Okla. filed Aug. 12, 2002); Sanders v. United States, No. 03-7035 (10th Cir. filed Mar. 17, 2003) (denying a certificate of appealability).  Thus, if Sanders were to now file a new § 2255 petition, even if it were not time barred, it would likely be dismissed as "second or successive."  See 28 U.S.C. § 2255(h)(2) (noting that a "second or successive" § 2255 petition may be filed only if it pertains to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

**III.**

Because Sanders has identified no viable grounds on which he might bring a motion challenging his grand jury indictment, he has no need to inspect jury records in order to aid him in the preparation of such a motion.  Accordingly, we AFFIRM the district court's denial of Sanders' motion.

Entered for the Court,


Mary Beck Briscoe
Circuit Judge