[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10909
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:09-cr-00110-JA-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EDWARD PRITT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 31, 2012)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Edward Pritt appeals his convictions for assaulting a correctional

officer and for assaulting a correctional officer with a deadly weapon.  He argues

that (1) the jury selection process of the Orlando Division of the Middle District of Florida causes the African American and Hispanic populations to be underrepresented in the jury pool in violation of the Sixth Amendment and the Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. §§ 1861 et seq.; (2) the jury selection plan of the Middle District of Florida violates the JSSA because it does not supplement voter lists with another source of names; and (3) the district court erred in denying his motions for additional discovery under the JSSA, for an evidentiary hearing under the JSSA, and for the appointment of experts.

I.

We review de novo constitutional challenges to jury selection processes, United States v. Grisham, 63 F.3d 1074, 1077 (11th Cir. 1995), as well as claims under the JSSA, see United States v. Carmichael, 560 F.3d 1270, 1277–79 (11th Cir. 2009).

A.

The Sixth Amendment provides that a criminal defendant "shall enjoy the right to a speedy and public trial[] by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. The Supreme Court has explained that this requires "the selection of a petit jury from a representative cross section of the community." Taylor v. Louisiana, 419 U.S.

2

522, 528, 95 S. Ct. 692, 697 (1975).  To establish a prima facie violation of this

constitutional requirement, the defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

Duren v. Missouri, 439 U.S. 357, 364, 99 S. Ct. 664, 668 (1979).  If a defendant

cannot establish any one of these elements, his claim under the Sixth Amendment

fails.  United States v. Pepe, 747 F.2d 632, 649 (11th Cir. 1984).

To determine whether the representation of a group is fair and reasonable,

we look only to the "absolute disparity" produced in the selection process.  Id.

Here, this term refers to the percentage point difference between the percentage of

the African American and Hispanic populations eligible for jury service and the

percentage of African Americans and Hispanics in the jury pool.  See Carmichael,

560 F.3d at 1280.  "Under black letter Eleventh Circuit precedent, 'if the absolute

disparity . . . is ten percent or less, the second element is not satisfied.'"  Id.

(quoting Grisham, 63 F.3d at 1078–79).[1]

_____

[1] The former Fifth Circuit reserved the question of whether this rule applies if a group is less than 10 percent of the community.  United States v. Maskeny, 609 F.2d 183, 190 (5th Cir. 1980) (noting that it was not necessary to address the argument that "reliance on absolute disparity could lead to approving the total exclusion from juries of a minority that comprise[s] less than ten percent of the population" because "all the groups [at issue in the case] comprise[d]

3

Both in the district court and on appeal, Pritt conceded that for each of the years he questions, none of the relevant absolute disparities exceeded 10 percent.[2] Instead, he urges us to reassess the requirement that a criminal defendant demonstrate an absolute disparity of more than 10 percent. Although Pritt's argument has some force, this panel may not revisit that requirement. Under our prior precedent rule, "[w]e may disregard the holding of a prior opinion only where that holding is overruled by [this] Court sitting en banc or by the Supreme Court." United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted).

Pritt argues that the Supreme Court's decision in Berghuis v. Smith, ___ U.S. ___, 130 S. Ct. 1382 (2010), requires us to reconsider our precedent. We are not persuaded. In Berghuis, the Supreme Court did observe that the absolute disparity test is "imperfect." Id. at 1393. But the Court also made the same observation about the other tests that the lower courts have applied. See id. Pritt

more than ten percent of the community").

[2] Specifically, in 2007, African Americans were 10.4 percent of the general population, but only 6.44 percent of the qualified jury wheel (QJW); Hispanics were 10.2 percent of the general population, but only 8.34 percent of the QJW. In 2009, African Americans again were 10.4 percent of the general population, but only 6.95 percent of the QJW; Hispanics were 10.2 percent of the general population, but only 9.51 percent of the QJW. Under our Circuit precedent, African Americans and Hispanics must be deemed to be fairly represented in the jury pool in both 2007 and 2009 so long as they account for at least 0.4 percent and 0.2 percent of the QJW.

4

emphasizes that the Supreme Court declined to adopt the absolute disparity rule. But that is true because the Court found it unnecessary to specify which test is appropriate. Id. at 1393–94 & n.4. (noting that it had "no cause to take sides today on the method or methods by which underrepresentation is appropriately measured."). The Supreme Court thus did not "actually abrogate" our prior precedent. Kaley, 579 F.3d at 1255.[3] The district court did not err in rejecting Pritt's Sixth Amendment claim.[4]

B.

The JSSA provides that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. The core requirement of the JSSA is that district courts "place into operation a written plan" designed to protect this right. Id. § 1863(a). If the JSSA is violated, a criminal defendant may move to dismiss the

---

[3] But the Supreme Court noted that absolute and comparative disparity measurements "can be misleading when, as here, members of the distinctive group comp[ose] [only] a small percentage of those eligible for jury service." Berghuis, 130 S. Ct. at 1393 (quotation marks omitted).

[4] In view of this analysis, it is unnecessary for us to address Pritt's argument that he has established the third element of the Duren test—that the underrepresentation arises from systematic exclusion. See Pepe, 747 F.2d at 649 (holding that if a defendant does not establish any element of the Duren test, his claim under the Sixth Amendment fails).

5

indictment or stay the proceedings.  Id. § 1867(a).  However, "[b]y its terms, the JSSA provides remedies only for a 'substantial failure to comply' with its requirements."  Carmichael, 560 F.3d at 1277 (quoting 28 U.S.C. § 1867(d)).  For a violation of the JSSA to be "substantial," it must frustrate one of the principles underlying the statute, such as the fair cross-section principle.  Id.  "The standard for determining a violation of the statutory fair cross-section requirement is the same as that applied in assessing a sixth amendment fair cross-section violation."  United States v. Rodriguez, 776 F.2d 1509, 1510 n.1 (11th Cir. 1985).  As set out above, Pritt has not carried his burden to demonstrate a Sixth Amendment violation.  Thus, his claim that the operation of the jury selection plan in the Orlando Division of the Middle District of Florida constitutes a substantial violation of the JSSA must also be rejected.

## II.

The JSSA provides that a jury selection plan must "specify whether the names of prospective jurors shall be selected from the voter registration lists or the lists of actual voters . . . within the district or division."  28 U.S.C. § 1863(b)(2).  Also, the JSSA requires that a plan "prescribe some other source or sources of names in addition to voter lists where necessary to . . . protect the rights" under the statute.  Id.  The Middle District of Florida's jury selection plan requires only the

6

use of voter lists; it does not contemplate other sources of names. Pritt suggests that this deficiency also entitles him to a remedy under the JSSA. This argument also lacks merit. The JSSA provides a remedy for a defendant only if a violation is "substantial." Carmichael, 560 F.3d at 1277. Having evaluated his arguments, we conclude that Pritt has failed to show that the Middle District of Florida's failure to supplement the voter lists has given rise to such a violation. Pritt is therefore not entitled to a remedy under the JSSA.

## III.

Pritt filed a motion for additional discovery pursuant to 28 U.S.C. § 1867(f). He also requested that the district court hold an evidentiary hearing pursuant to 28 U.S.C. § 1867(d). Finally, Pritt filed a motion for appointment of experts under 18 U.S.C. § 3006A(e)(1). On appeal, Pritt suggests that the district court erred in denying each of these motions. These arguments fail as well.

## A.

The JSSA provides that if a criminal defendant files a motion to dismiss or stay under the statute, "[t]he parties . . . shall be allowed to inspect, reproduce, and copy [the] records or papers [used by the clerk of court in connection with the jury selection process] during the preparation and pendency of such a motion." 28 U.S.C. § 1867(f). Pritt argues that the district court's decision to deny his motion

for additional discovery is inconsistent with the Supreme Court's pronouncement, in Test v. United States, 420 U.S. 28, 96 S. Ct. 749 (1975), that under this statutory provision, "a litigant has essentially an unqualified right to inspect" records regarding jury selection. Id. at 30, 96 S. Ct. at 750 (footnote omitted). We cannot agree.

In Test, the Supreme Court faced a defendant who was given no access to the court's records. Indeed, the only material that the defendant was able to provide to support his motion to dismiss was an affidavit from his counsel containing facts disclosed by testimony in a jury challenge in another case. Id. at 29, 96 S. Ct. at 750. The Supreme Court held, under those circumstances, that it was error for the district court to deny the defendant's request to inspect the jury selection records. See id. at 29–30, 96 S. Ct. at 750–51.

Here, Pritt was given access to records that enabled him to calculate the relevant absolute disparities. Pritt was thus given the requisite material to ascertain the facts that, under our precedent, are essential to his jury composition claims. Unlike the defendants in Test and other cases, see, e.g., Gov't of Canal Zone v. Davis, 592 F.2d 887, 888–89 (5th Cir. 1979),[5] Pritt was given access to

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

records that enabled him to "determine whether he has a potentially meritorious jury challenge." Test, 420 U.S. at 30, 95 S. Ct. at 750. Under these circumstances, we cannot say that the district court erred in denying his motion for additional discovery. See also United States v. McLernon, 746 F.2d 1098, 1122–23 (6th Cir. 1984).

### B.

A party is entitled to a hearing under the JSSA only if the facts that he provides in conjunction with his motion would, if true, "constitute a substantial failure to comply" with the statute. 28 U.S.C. § 1867(d); see also United States v. Bearden, 659 F.2d 590, 597 (5th Cir. 1981). The JSSA allows a district court to "swiftly dispose of [a motion] if it fails, on its face, to state a case for which a remedy could be granted." H.R. Rep. No. 90-1076, at 14 (1968), as reprinted in 1968 U.S.C.C.A.N. 1792, 1806. As noted, Pritt conceded in the district court that the relevant absolute disparities did not exceed 10 percent. The district court thus did not err in denying his request for an evidentiary hearing.

### C.

Under 18 U.S.C. § 3006A, a defendant who is financially unable to obtain expert services that are "necessary for adequate representation" may request funds for such services. 18 U.S.C. § 3006A(e)(1). A district court may refuse to

9

approve such funds if it concludes that the defendant does not have a plausible claim or defense. United States v. Rinchack, 820 F.2d 1557, 1564 (11th Cir. 1987). Given that Pritt conceded that the relevant absolute disparities did not exceed 10 percent, he did not have claims that are plausible under our precedent. The district court did not abuse its discretion in denying his motion for appointment of experts.

IV.

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**