**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 8, 2013

No. 11-51052

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BENJAMIN ALEXANDER POTTS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-69-1

Before STEWART, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Benjamin Alexander Potts asserts on appeal that his convictions should be reversed because the district court denied his motion to inspect, reproduce, and copy the grand jury lists pursuant to the Jury Selection and Service Act, 28 U.S.C. § 1861 *et. seq*. For the following reasons, we REMAND to the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51052

## I.

In February 2011, Benjamin Alexander Potts ("Potts") was charged in a second superseding indictment with bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(a) and (d) (Counts One and Three); carrying a firearm during the commission of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i) (Count Two); and carrying a firearm during the commission of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (Count Four). In July 2011, Potts, proceeding pro se,[1] filed a pre-trial motion "to inspect, reproduce and copy all list [sic] of Grand Jury empanaled [sic] in the [Western] [D]istrict [of Texas] within the last ("10") years, including the grand jury which returned each indictment in this present case." Potts's asserted basis for the motion was to determine whether the grand jury was lawfully selected, including whether persons were selected for grand jury service on the basis of "law enforcement or legal community employment or associations, or other such connections that would bring into question the validily [sic] of siad [sic] indictments."

After holding a pre-trial hearing on the motion in August 2011, the district court issued an order denying, *inter alia*, Potts's motion to inspect the grand jury list. The court did not state any reasons for its denial. Later that month, a jury convicted Potts of the charged offenses, and the district court sentenced him to 300 months of imprisonment on each count to run consecutively and five years of supervised release on each count to run concurrently. The district court also ordered Potts to pay restitution in the amount of $518,726.13 and a $400 special assessment. This appeal followed.[2]

---

[1] In an order dated May 26, 2011, the district court granted Potts's motion to proceed pro se and appointed standby counsel to assist Potts with legal issues.

[2] Potts's appointed counsel filed a motion to withdraw and a brief, asserting pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), that there was no non-frivolous issue for

No. 11-51052

## II.

### A.

The sole question presented on appeal asks whether the district court erred in denying Potts's motion to inspect, reproduce, and copy the grand jury lists. Potts argues that the district court improperly denied his motion because § 1867(f) of the Jury Selection and Service Act ("the Act") grants federal criminal defendants an "unqualified right" to inspect the jury list to ensure that such juries are randomly selected from a fair cross section of the community. In light of that alleged error, Potts urges this court to reverse his conviction.

### B.

"It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861.

Section 1867(e) of the Act provides a criminal defendant "the exclusive means by which a person accused of a Federal crime . . . may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title." 28 U.S.C. § 1867(e). In challenging the jury selection process, a criminal defendant, "before the voir dire examination begins . . . may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." *Id*. § 1867(a). "The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall

---

appeal. We determined that the *Anders* brief was inadequate and ordered counsel to file a supplemental *Anders* brief or a brief on the merits. *United States v. Potts*, No. 11-51052 (5th Cir. filed June 5, 2012) (order requiring counsel to file a supplemental brief or, in the alternative, a merits brief). Potts's counsel then filed a motion to withdraw the *Anders* motion, asserting that there was a non-frivolous issue for appeal regarding the denial of the motion to inspect the grand jury lists. Accordingly, we grant the motion to withdraw the *Anders* motion and deny the motion as moot.

not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a) . . . of this section[.]" *Id.* § 1867(f). "The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion." *Id.*

## C.

In *Test v. United States,* the Supreme Court addressed the scope of a defendant's right to inspection under § 1867(f). 420 U.S. 28, 30 (1975). The Court held that § 1867(f)

> makes clear that a litigant has essentially an *unqualified* right to inspect jury lists. It grants access in order to aid parties in the "preparation" of motions challenging jury-selection procedures. Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring "grand and petit juries selected at random from a fair cross section of the community."

*Id.* (footnotes omitted).

Accordingly, the Court vacated the judgment of the court of appeals and remanded the matter with instructions to allow the defendant to support his challenge to the jury-selection procedures. *Id.*

Adhering to *Test*, we similarly held, in *Government of the Canal Zone v. Davis*, that the district court erred in denying the defendants' motion to inspect, reproduce, and copy papers and records of the jury selection procedure. 592 F.2d 887, 889 (5th Cir. 1979). Following the *Davis* court's denial of that motion and defense counsel's observation that the jury panel "appeared to consist entirely of Caucasian men and women, 90% of whom were between forty-five and fifty-five years old[,]" the defendants waived their right to a trial by jury and

No. 11-51052

proceeded to a bench trial on stipulated facts. *Id.* at 888. The court subsequently found the defendants guilty. *Id.*

On appeal, we reversed the defendants' convictions and remanded the case to allow the defendants to exercise properly their right to inspect the jury list. *Id.* at 890. In noting the holding of *Test* that a "litigant has an unqualified right to inspect the jury list," we stated:

> Having determined that an order was necessary to gain access to the records and having made the appropriate motion with an accompanying affidavit, the appellants' right to inspect under § 1867(f) was violated when the [d]istrict [c]ourt denied the motion. Since the appellants' right to inspection was unqualified, whether or not the accompanying affidavit established a prima facie case of defective jury selection process is of no import. Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge.

*Id.* at 889 (footnote, citations, and quotation marks omitted).

## III.

Although the government contends that the district court's denial of Potts's motion was harmless "because the presence or absence of law enforcement is not a 'distinctive group' cognizable under the [the Act]," we reject that argument as contrary to controlling Supreme Court law. As unequivocally noted in *Test*, § 1867(f) grants Potts "essentially an unqualified right to inspect jury lists . . . in order to aid [him] in the preparation of motions challenging jury-selection procedures." 420 U.S. at 30 (internal quotation marks omitted); *see also Davis*, 592 F.2d at 889. Accordingly, the government's position is unavailing. *See Davis,* 592 F.2d at 889 (noting that the establishment of a prima facie case of defective jury selection is unnecessary because the right to inspection is unqualified); *see also United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996) ("[A] district court may not premise the grant or denial of a

motion to inspect upon a showing of probable success on the merits of a challenge to the jury selection provisions."); *United States v. Alden*, 776 F.2d 771, 775 (8th Cir. 1985) (noting that the district court's denial of a motion to inspect the jury list on the basis that an age group bracket was not a cognizable group under the Act was immaterial, as *Test* precludes additional requirements that defendants must satisfy in gaining access to jury selection records).

Although the district court improperly denied Potts's motion to inspect the grand jury list, we conclude that this error does not mandate reversal of Potts's convictions. The government persuasively argues that the instant case is factually distinguishable from *Davis*. As previously noted, after the district court in *Davis* denied the defendants' motion to inspect the jury selection records, the defendants waived their right to a jury trial and proceeded to a bench trial following their observation of the composition of the jury. 592 F.2d at 888. Importantly, in reversing the defendants' convictions and remanding the case to the district court to allow the defendants to inspect and copy the jury records, we stated that the "[defendants] w[ould] then be in a position to make informed decisions as to whether the jury selection process warrants challenge and as to whether they prefer trial by a representative jury or before the court." *Id.* at 890. The *Davis* court thus implicitly acknowledged that the improper denial of the defendants' motion to inspect could have prejudiced the defendants' decision whether to waive their right to a jury. *See United States v. Marcano-Garcia*, 622 F.2d 12, 18 (1st Cir. 1980).

Unlike the *Davis* defendants, Potts was convicted by a jury, so the erroneous denial of Potts's motion had not prejudiced the exercise of his right to a jury trial. Thus, outright reversal of Potts's convictions is not warranted at this time. Rather, we remand the case to the district court to permit Potts to inspect, reproduce, and copy the grand jury lists and thereafter move for a new trial under § 1867(a) if he so chooses. If Potts establishes that the method of

No. 11-51052

jury selection violated the law, the court shall set aside his convictions.  Our holding is consistent with those other circuits that have found error under *Test* after defendants were convicted by a jury.  *See*, *e.g.*, *Royal*, 100 F.3d at 1025-26 (noting that remand and not reversal of a defendant's conviction is the appropriate remedy when the district court erroneously denies a defendant's motion to inspect the jury list); *United States v. Curry*, 993 F.2d 43, 44-45 (4th Cir. 1993) (same); *United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986) (same); *Alden*, 776 F.2d at 775 (same); *United States v. Lawson*, 670 F.2d 923, 926 (10th Cir. 1982) (same).

## IV.

For the foregoing reasons, we REMAND to the district court for further proceedings consistent with this opinion.