UNITED STATES,

v.

Jeffrey Henry **WILLIAMSON**, Defendant.

**Criminal Action No. 14-151 (RMC)**

United States District Court, District of Columbia.

Signed November 24, 2014

Frederick Walton Yette, U.S. Attorney's Office, Washington, DC, for United States

Jeffrey Henry Williamson, Phoenix, AZ, Richard Keith Gilbert, Law Offices of Richard Keith Gilbert, Stephen C. Leckar, Kalbian Hagerty LLP, Washington, DC, for Jeffrey Henry Williamson.

## MEMORANDUM OPINION AND ORDER

### Re: Motions to Compel Disclosure of Jury Selection Records
### [Dkts. 20, 135]

ROSEMARY M. COLLYER, United States District Judge

Defendant Jeffrey Henry Williamson, proceeding pro se with appointed standby counsel, filed two motions for an order compelling the Government to produce jury commission records. As explained below, the motions will be denied.

■ Mr. Williamson seeks to compel the production of records under the Jury Selection and Service Act of 1968 (JSSA), 28 U.S.C. §§ 1861, *et seq.*, hoping to demonstrate that his Fifth or Sixth Amendment right to a jury selected from a cross section of the community has been violated. "[T]he selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." *Taylor v. Louisiana*, 419 U.S. 522, 528, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). "[T]he jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be rea-

sonably representative thereof." *Id.* at 538, 95 S.Ct. 692. However, the requirement of a fair cross-section does not extend to the composition of individual juries. The Supreme Court has explained that "[w]e impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition." *Id.* To establish substantial underrepresentation that violates the Fifth Amendment, a defendant must show that (1) the underrepresented group is an identifiable, distinct class; (2) the group has been substantially underrepresented on juries in relation to its representation in the population; and (3) the jury system in question is not racially neutral or is susceptible of abuse. *Castaneda v. Partida,* 430 U.S. 482, 494, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977). Although the test appears similar to the "fair cross-section test" under the Sixth Amendment, there is one critical difference—in an equal protection challenge, the defendant must present evidence of discriminatory intent. *Duren v. Missouri,* 439 U.S. 357, 368 n. 26, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Once a defendant has made out a *prima facie* case of discrimination, the Government bears the burden of showing that racially neutral selection criteria produced the unequal representation. *Castaneda,* 430 U.S. at 495, 97 S.Ct. 1272.

The constitutional protections are supplemented by the JSSA. Section 1861 of the JSSA provides that all litigants in federal court have "the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. Section 1867 of the Act provides:

(a) In criminal cases, before the voir dire examination begins, or within seven days after the defendant could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

. . .

(d) Upon a motion filed under subsection (a) . . . containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title, the moving party shall be entitled to present in support of such motion the testimony of the jury commission or clerk, if available, any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending the selection of a grand jury in conformity with this title or dismiss the indictment, whichever is appropriate. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the petit jury, the court shall stay the proceedings pending the selection of a petit jury in conformity with this title.

(f) The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion [challenging compliance with selection procedures under this section], until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as ju-

rors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

28 U.S.C. § 1867(a), (d), & (f).

■ Mr. Williamson seeks to compel the production of records under the JSSA, emphasizing the Supreme Court's ruling in *Test v. United States*, 420 U.S. 28, 30, 95 S.Ct. 749, 42 L.Ed.2d 786 (1975), that the JSSA provides a litigant "an unqualified right to inspect jury lists."[1] Despite this "unqualified right," courts have strictly enforced the JSSA requirement that a litigant provide a sworn statement. *United States v. Kennedy*, 548 F.2d 608, 613 (5th Cir.1977). Under the JSSA, a litigant must file a "*sworn statement of facts* which, if true, would constitute a substantial failure to comply with the provisions of this title." 28 U.S.C. § 1867(d) (emphasis added). The failure to file a sworn statement of facts precludes a challenge to the jury selection process under the JSSA. *See, e.g., United States v. Aguirre*, 108 F.3d 1284, 1287 (10th Cir.1997); *United States v. Maldonado*, 849 F.2d 522, 523 (11th Cir.1988); *United States v. Foxworth*, 599 F.2d 1, 3 (1st Cir.1979). Further, it is critical that the facts alleged "if true, would constitute a *substantial* failure" to comply with the statute. 28 U.S.C. § 1867(d) (emphasis added). Thus, mere conclusory allegations are insufficient. In *United States v. Ramos*

*Colon*, 415 F.Supp. 459 (D.P.R.1976), for example, a criminal defendant alleged that there was deliberate exclusion from the jury list of those whose views were known to be antagonistic to the Government. The court would not consider the challenge because it was based on a conclusory allegation that was totally unsupported by facts. *Id.* at 462. Further, the failure to allege facts that would, if true, demonstrate a "substantial" failure to comply with the statute is fatal to a jury selection challenge under the JSSA. *United States v. Pritt*, 458 Fed.Appx. 795, 800 (11th Cir.), *cert. denied*, ─── U.S. ───, 133 S.Ct. 186, 184 L.Ed.2d 94 (2012). The JSSA allows a district court to "swiftly dispose of [a motion] if it fails, on its face, to state a case for which a remedy could be granted." H.R. Rep. No. 90–1076, at 14 (1968), *as reprinted in* 1968 U.S.C.C.A.N. 1792, 1806. Simply put, the JSSA does not support a fishing expedition.

■ Mr. Williamson says that he intends to challenge the composition of the master jury list used to select the Grand Jury and the petit jury for his case, and he seeks to inspect the jury selection records. *See* Mot. to Dismiss the Indictment and Request for Jury Selection Records [Dkt. 20]; Mot. to Compel Disclosure of Jury Selection Records [Dkt. 135]. He asserts that that the cross-section requirement *may* have been violated:

> Typically, the master list is a compilation of tax payer rolls and register[ed] voters. Such a group may represent only a minority of the eligible jurors. There are large segments of our population which are qualified jurors but are not

---

1. The right of inspection is limited to "jury lists" and not all records relating to the jury selection process. *See United States v. Davenport*, 824 F.2d 1511, 1514 (7th Cir.1987) (JSSA does not provide a right to inspect juror questionnaires); *United States v. Rice*, 489 F.Supp.2d 1312, 1318, 1321 (S.D.Ala. 2007) (JSSA does not provide a right to inspect the original source list from the Secretary of State, questionnaires, or data regarding jurors who ignored summons or failed to appear).

registered voters or property owners: minorities, the poor, the elderly, the infirm, young people, college students, mobile people, [the] politically inactive or those who refuse to register to vote for fear of political affiliation. Whatever the motivating factor, this collective group represents a large portion of qualified jurors who may not be on the master jury list.

Mot. to Compel Disclosure of Jury Selection Records [Dkt. 135] at 4. Mr. Williamson did not file a sworn statement in support of either motion. *See* Mot. to Dismiss the Indictment and Request for Jury Selection Records [Dkt. 20] at 2 (Defendant states that "[u]pon review of the jury selection records of the Jury Commission, the defendant shall file a supplemental sworn statement of facts to this motion . . . .").

The motions fail to meet the strict requirements of the statute because Mr. Williamson failed to file a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title." 28 U.S.C. § 1867(d). He makes only bald conclusory allegations, and none of his allegations asserts a "substantial failure" by the Jury Commission to meet the "fair cross section of the community" standard under the JSSA.

Mr. Williamson also seeks appointment of an expert to compile and examine jury selection data. Because his motion fails to meet the statutory requirements for a JSSA challenge, his request for appointment of an expert is denied. *See United States v. Rinchack*, 820 F.2d 1557, 1564 (11th Cir.1987) (while a defendant who is financially unable to obtain "necessary" expert services may request funds for such services, *see* 18 U.S.C. § 3006A(e)(1), a court may refuse to approve such funds if it finds that the defendant does not have a plausible claim or defense).

For the reasons set forth above, it is hereby

**ORDERED** that Defendant's Motion to Dismiss the Indictment and Request for Jury Selection Records [Dkt. 20] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Disclosure of Jury Selection Records [Dkt. 135] is **DENIED.**