[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10704
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20616-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL BURKE,
a.k.a David Middleton,
a.k.a James Duncan,
a.k.a. Donald Brown,
a.k.a. Dr. Jeffrey Burke,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 18, 2016)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

On November 5, 2014, after a jury found him guilty of conspiracy to commit bank fraud and wire fraud and four counts of bank fraud, Darryl Burke was sentenced to concurrent prison terms of 360 months.  His appeal of his convictions and sentences is pending before this court.  *United States v. Burke,* Case No. 14-13758.  On January 21, 2015, Burke, proceeding *pro se*, moved the District Court to provide him with a copy of the master jury wheel records pursuant to 28 U.S.C. § 1867(f)[1] and 1868.[2]  The court denied the motion for lack of jurisdiction because Burke's convictions and sentences were pending on appeal in this court.  Burk appeals the ruling, arguing that the court retained jurisdiction to entertain his

[1] 28 U.S.C. § 1867. Challenging compliance with selection procedures, states:

(f) The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

[2] 28 U.S.C. § 1868. Maintenance and inspection of records, states:

After the master jury wheel is emptied and refilled pursuant to section 1863(b)(4) of this title, and after all persons selected to serve as jurors before the master wheel was emptied have completed such service, all records and papers compiled and maintained by the jury commission or clerk before the master wheel was emptied shall be preserved in the custody of the clerk for four years or for such longer period as may be ordered by a court, and shall be available for public inspection for the purpose of determining the validity of the selection of any jury.

2

motion because the motion's subject matter is collateral to the issues raised in the pending appeal, and that he has an unqualified right to inspect the jury records pursuant to *Test v. United States*, 420 U.S. 28, 95 S. Ct. 749, 42 L. Ed. 2d 786 (1975), and § 1868. We agree that the District Court had jurisdiction to hear Burke's motion but affirm its decision on the ground that neither § 1867(f) nor § 1868 provides Burke the relief he seeks.

The filing of a notice of appeal does not prevent a district court from entertaining motions on matters collateral to the issues pending on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). In *Mahone,* the District Court retained jurisdiction to rule on a motion for sanctions under Federal Rule of Civil Procedure 11 because the issues were "collateral to the merits of an appeal." *Id.* at 1180.

One of the purposes of the Jury Selection and Service Act, 28 U.S.C. § 1861, *et seq.*, is to ensure that parties have access to juries selected at random from a fair cross section of the community. 28 U.S.C. § 1861; *United States v. Price*, 573 F.2d 356, 360 (5th Cir. 1978).

Subsection (a) of § 1867 provides:

> In criminal cases, before the *voir dire* examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

28 U.S.C. § 1867(a).  The contents of records or papers used in the jury selection process may not be disclosed until after the master jury wheel has been emptied unless necessary for the preparation and pendency of a motion under subsection (a), (b), or (c).[3]  *See* 28 U.S.C. § 1867(f).  "The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion."  *Id.*

After the jury wheel is emptied and refilled, and after all persons selected before emptying have completed their service, 28 U.S.C. § 1868 requires the clerk to preserve for four years, or longer if required by court order, all records and papers compiled and maintained by the jury commission or clerk before the master wheel was emptied.  28 U.S.C. § 1868.  Section 1868 further states that these preserved records "shall be available for public inspection for the purpose of determining the validity of the selection of any jury."  *Id.*

In *Test v. United States*, prior to trial, the defendant filed a motion to dismiss his indictment claiming that the master lists from which the grand jury was selected, and from which the petit jury would be selected, disproportionately excluded persons with Spanish surnames, students, and blacks.  420 U.S. at 28-29,

---

[3] Neither subsection (b) nor (c) of § 1867 is relevant here.  Subsection (b) authorizes the Attorney General of the United States to seek dismissal the indictment for failure to comply with the provisions regarding jury selection, and subsection (c) applies only to civil cases.  28 U.S.C. § 1867(b), (c).

95 S. Ct. at 750.  Attached to his motion was another motion requesting permission to inspect and copy the jury lists pertaining to his indictment.  *Id.* at 29, 95 S. Ct. at 750.  After the District Court denied both motions and the Court of Appeals affirmed, the Supreme Court vacated the judgment and remanded the case, concluding that the defendant was erroneously denied access to the lists.  *Id.*  The Court stated that the defendant had an essentially unqualified right to inspect the jury lists pursuant to § 1867(f), which grants access in order to aid parties in the preparation of their motion to dismiss.  *Id.* at 30, 95 S. Ct. at 751.  "[W]ithout inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge."  *Id.*

Burke is not entitled to the relief he seeks.  He is not entitled to relief under § 1867(f), which governs access to jury records before the master jury wheel has been emptied, because § 1867(f) only permits disclosure of the records during the pendency of a pre-*voir dire* motion to stay proceedings or dismiss the indictment.  And Burke filed no such motion prior to the *voir dire* held at the commencement of his trial.  He is not entitled to relief under § 1868 because it directs the court clerk to preserve the jury records and make them available for public inspection after the master jury wheel has been emptied, and he has failed to allege that the  master jury wheel has been emptied, or that the clerk has not retained or made the records available for public inspection.

5

AFFIRMED.